UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERNEST TAYLOR,

       Petitioner,

v.                          Case No: 2:13-cv-421-FtM-29DNF

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

       Respondents.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter comes before the Court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Ernest Taylor ("Petitioner") on June 6, 2013 (Doc. 1).  Petitioner, proceeding *pro se*, is presently confined at Taylor Correctional Institution in Perry, Florida.  Petitioner challenges the 1992 conviction and sentence entered by the Circuit Court of the Twentieth Judicial Circuit in Lee County, Florida for robbery with a firearm (Doc. 1 at 1).  Respondents filed a response to the petition, and Petitioner filed a reply to the response (Doc. Nos. 14, 20).

Upon review of the pleadings, the Court concludes that this case must be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals to file a second 28 U.S.C. § 2254 habeas petition.

## I.  Background

Petitioner was convicted of robbery with a firearm in the Twentieth Judicial Circuit Court for Lee County, Florida, on April 28, 1992 (Doc. 1 at 1).  He was sentenced as a habitual violent felony offender to life in prison with a fifteen year minimum mandatory term. Id. at 2.  Petitioner's conviction and sentence were *per curiam* affirmed on direct appeal. Id. at 3; Taylor v. State, 621 So. 2d 1075 (Fla. 2d DCA 1993).[1]

On May 24, 2000, Petitioner sought federal habeas corpus relief under 28 U.S.C. § 2254 in this district court. See MDFL Case No. 2:00-cv-229-JES.  The Court concluded that the petition was untimely and dismissed the petition. Id. at docket entry 27.

Petitioner filed the instant § 2254 petition on June 6, 2013 (Doc. 1).

## II.  Analysis

Federal courts are courts of limited jurisdiction, and may only hear cases where authorized by the Constitution or by statute. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Title 28 U.S.C. § 2244 provides, in relevant part:

> (b) (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that

---

[1] Petitioner's state applications for post-conviction relief are detailed in this Court's November 27, 2000 order of dismissal in case number 2:00-cv-229-JES at docket entry 27.

was not presented in a prior application shall be
dismissed unless—

> (A) the applicant shows that the claim
> relies on a new rule of constitutional
> law, made retroactive to cases on
> collateral review by the Supreme
> Court, that was previously
> unavailable; or

> (B)

>> (i) the factual predicate for the
>> claim could not have been
>> discovered previously through
>> the exercise of due diligence;
>> and

>> (ii) the facts underlying the claim,
>> if proven and viewed in light of
>> the evidence as a whole, would be
>> sufficient to establish by clear
>> and convincing evidence that,
>> but for constitutional error, no
>> reasonable factfinder would have
>> found the applicant guilty of the
>> underlying offense.

> (3) (A) ***Before a second or successive application
> permitted by this section is filed in the
> district court, the applicant shall move in
> the appropriate court of appeals for an
> order authorizing the district court to
> consider the application.***

28 U.S.C. § 2244 (emphasis added). Under this statute, a district
court lacks jurisdiction to hear a second or successive § 2254 habeas
petition absent authorization from a Court of Appeals. 28 U.S.C. §
2244(b)(3)(A).

Petitioner's first § 2254 habeas petition qualified as a first
petition for the purpose of determining successor status because it
was dismissed as untimely. See Candelario v. Warden, Case No. 14-

11836, 2014 WL 6056234, at *2 (11th Cir. Nov. 14, 2014)(unpublished)(rejecting petitioner's argument that his § 2255 petition was not successive because the initial § 2255 motion was denied as untimely rather than on the merits and recognizing that "a second petition is successive if the first was denied or dismissed with prejudice" and that a dismissal for untimeliness is with prejudice)(citing Guenther v. Holt, 173 F.3d 1328, 1329 (11th Cir. 1999)); Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005)("[D]ismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b).");  Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (a prior untimely § 2254 petition counts as a first petition because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims). Therefore, the instant petition is "second or successive" for purposes of § 2244(b)(3).

Petitioner does not allege that he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing the instant § 2254 petition. Rather, Petitioner argues that the claims set forth in his new petition had not arisen at the time of his first § 2254 petition and are therefore not barred from

consideration (Doc. 20 at 2). This argument may be made to the Eleventh Circuit in Petitioner's application for permission to file a successive motion. <u>See</u> 28 U.S.C. § 2244(b)(3)(A).

Petitioner's failure to obtain permission from the Eleventh Circuit prior to filing the instant petition operates as a jurisdictional bar that precludes this Court's consideration of the merits of the petition. <u>See</u> 28 U.S.C. § 2244(b)(3)(A).

## III. <u>Certificate of Appealability</u>[2]

Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed

---

[2] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." <u>Id.</u>

further.'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

Accordingly, it is now **ORDERED AND ADJUDGED**:

1.  This case is hereby **DISMISSED** without prejudice. The Clerk of Court is directed to close this case, terminate any pending motions, and enter judgment accordingly.

2.  The Clerk of the Court is also directed to send Petitioner an "Application for Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) by a Prisoner in State Custody" form.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___2nd___ day of March, 2015.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: All Parties of Record
Encl: Application for Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) by a Prisoner in State Custody

- 6 -